IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSIP DVORNEKOVIC,                                CV. 04-1081-MA

        Petitioner,                       OPINION AND ORDER

  v.

ROBERT O. LAMPERT,

        Respondent.

    Francesca Freccero
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, Oregon 97301-4096

        Attorneys for Respondent

MARSH, Judge

    Petitioner, a state prisoner, brings this habeas corpus proceeding challenging his state convictions for attempted murder and assault in the second degree. It is uncontested that

petitioner's habeas corpus petition was filed beyond the one-year limitation period set forth in 28 U.S.C. § 2244(d).

Petitioner explains that his belated filing was caused by his "incorrect[] [belief] that, as long as he pursued his state remedies within the time period permitted under state law, then filed his federal habeas corpus petition within one year, he would not run afoul of the statute of limitations". Petitioner argues that to avoid offending the Suspension Clause, this court should "allow for equitable tolling of the limitations period during the two years in which the State of Oregon permits its prisoners to seek post-conviction relief under state law."

In short, petitioner moves the court to find that the limitation period set forth in § 2244(d) constitutes an unconstitutional suspension of the writ where, as here, the state limitation period for seeking state collateral relief is longer than the federal limitation period on habeas relief. Petitioner concedes, however, that this contention has been rejected by the Ninth Circuit. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003). I am bound by the Ninth Circuit's ruling. Hasbrouck v. Texaco, Inc., 663 F.2d 930 (9th Cir. 1981), cert. denied, 459 U.S. 828 (1992). Accordingly, I reject petitioner's claim that § 2244(d) constitutes an unconstitutional suspension of the writ.

///

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#2) is DENIED on the basis that it is untimely.

IT IS SO ORDERED.

DATED this 28th day of April, 2005.

                                        _/s/ Malcolm F. Marsh_____
                                        Malcolm F. Marsh
                                        United States District Judge